UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDRE LAWRENCE | No. 02 CR 200-22<br><br>Judge Rebecca R. Pallmeyer |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SENTENCE REDUCTION MOTION
UNDER SECTION 404 OF THE FIRST STEP ACT**

Defendant was convicted of a drug offense that the court found involved 280 grams or more of cocaine base, which, even after the enactment of the Fair Sentencing Act, would subject him to the same statutory penalties as when he was re-sentenced in 2010. Because there is no change in the statutory penalties, defendant is ineligible for relief under the First Step Act.

*Background*

**A.    Jury Verdict**

On December 18, 2003, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute controlled substances, namely cocaine and cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 846 (Count One), and of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Thirty-Nine). The jury further found that the amount of controlled substances involved in the conspiracy was 50 grams or more of cocaine base, and 500 grams or more, but less than five kilograms of cocaine. R667. Pursuant

to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the jury's verdict set the statutory maximum penalty for Count One at life imprisonment.

The government had provided timely notice under 21 U.S.C. § 851 of its intention to seek enhanced penalties under 21 U.S.C. § 841(b)(1)(A) because the defendant had committed the instant offense after a prior conviction for a felony drug offense had become final. R.47.

B.     **Original Sentencing Hearing**

The sentencing hearing was held on September 21, 2005, during which the Court considered the PSR, and determined that "there is actually overwhelming evidence that more than 1.5 kilograms of crack cocaine was involved." SentTr at 5. The Court's finding set the statutory penalty at 20 years imprisonment, pursuant to 18 U.S.C. § 841(b)(1)(A), and the base offense level at 38, pursuant to USSG §§ 2D1.1(a)(3) and (c)(1) (2004). The Court agreed with the PSR, which found that a two level increase in the offense level was appropriate because the crack cocaine was sold within 1000 feet of a public elementary school, and that defendant's total adjusted offense level was Level 40. PSR at 166-167, 179. Although later determined to be in error, the PSR, which the Court adopted, placed defendant in criminal history category III, resulting in a sentencing range of 360 to Life on Count One, and a mandatory consecutive term of imprisonment of at least five years (60 months) on Count Thirty-Nine. SentTr at 65, PSR at 481-484. The Court, however, departed from the applicable guideline range and sentenced defendant to 300 months' imprisonment on Count One, and a consecutive sentence of 60 month's imprisonment

2

on Count Thirty-Nine, for a total sentence of 360 months' imprisonment. R 936. Defendant's conviction and sentence were affirmed on appeal. *United States v. Andre Seymour, et al*, 519 F.3d 700 (7th Cir. 2008).

### C. Sentence Reduction Motion Pursuant to Amendment 706

The Court denied defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines, which increased the thresholds for base offense levels applicable to offenses involving cocaine base. R.1340. Defendant appealed the Court's denial of his motion, but the Seventh Circuit Court of Appeals summarily affirmed the judgment of the Court. *United States v. Lawrence*, 09-1431 (7th Cir. April 21, 2009). In that order, the Court of Appeals stated:

> On direct appeal, this court commented that the conspiracy with which he was involved lasted a minimum of three years and there was substantial evidence that the conspiracy distributed 1.5 kilograms of crack cocaine in less than three *days* (emphasis in original). *United States v. Seymour*, 519 F.3d 700, 708 (7th Cir. 2008). The district court denied Lawrence's motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) on the ground that he was responsible for well in excess of 4.5 kilograms of crack cocaine. Based on a review of the district court's order and the record on appeal, we have concluded that further briefing would not assist the court.

### D. Defendant's Successful § 2255 Petition and Subsequent Re-Sentencing Hearing

On May 5, 2010, the Court granted defendant's § 2255 petition, finding that defendant received ineffective assistance of counsel because his attorney failed to challenge the criminal history category and that, as a result, defendant was prejudiced because the applicable sentencing guidelines range was greater than it

3

should have been if the criminal history category was properly set at Category I. R.1431. The Court vacated defendant's sentence and ordered a re-sentencing hearing, which took place on July 9, 2010, less than one month before the Fair Sentencing Act of 2010 was enacted. R.1473. The Court applied the base offense level 38, consistent with its prior denial of the § 3582(c)(2) motion, because the offense involved 4.5 kilograms or more of cocaine base, pursuant to USSG §§ 2D1.1(a)(5) and (c)(1) (2009). It then added the two level increase in the offense level because the crack cocaine was sold within 1000 feet of a public elementary school. Therefore, the total adjusted offense level was Level 40. Consistent with its decision to grant defendant's § 2255 petition, the Court found that he was in a Criminal History Category I, and determined that the applicable Sentencing Guidelines range was 292 to 365 months' imprisonment. *See* Statement of Reasons attached to the Amended J&C. Furthermore, just as it did at the original sentencing hearing, the Court departed from the applicable guidelines range and sentenced him to 252 months on Count One, and a consecutive 60 months' sentence of imprisonment on Count Thirty-Nine, for a total of 312 months' imprisonment. R.1473.

### E. Subsequent Motions Pursuant to §3582(c)(2)

Defendant filed motions pursuant to 18 U.S.C. § 3582(c)(2) for sentence reductions due to amendments to the sentencing guidelines. R.1556, 1695. This Court denied defendant's motion for a reduction based on Amendment 750, which increased the threshold for the highest base offense level for drug offenses from 4.5 kilograms to 8.4. kilograms or more of cocaine base. In making its ruling, the Court

stated that "there is no basis to dispute that Mr. Lawrence did understand the massive scale of the conspiracy" and that "given that understanding, and the length of Mr. Lawrence's involvement with the conspiracy, the court concludes, based on a preponderance of all of the evidence, that it was reasonably foreseeable to Mr. Lawrence that at least 8.4 kilograms was involved." R.1631, 1632.

This Court granted defendant's motion for a reduction based on Amendment 782, which increased the threshold for the highest base offense level for drug offenses from 8.4 kilograms to 25.2 kilograms or more of cocaine base. The Court stated that "it agrees with defense counsel that the record is insufficient to permit a new finding as to the drug quantity attributable to Mr. Lawrence" and reduced his sentence on Count One to the statutory minimum of 240 months, which when added to the mandatory 60 consecutive months on Count 39 yields a total term of imprisonment of 300 months. R.1791.

### *First Step Act of 2018*

On December 21, 2008, the President of the United States signed the First Step Act into law. Section 404 of the First Step Act makes retroactive portions of the Fair Sentencing Act of 2010 ("FSA"), which raised threshold drug quantities for enhanced penalties for cocaine base offenses under 21 U.S.C. §841(b)(1) and (2) (2010). Therefore, for those sentenced on or after August 3, 2010 when FSA became law, the statutory penalties for offenses involving 280 grams or more of cocaine base was 10 years' to life imprisonment, or, if a person commits such a violation after a prior conviction for a felony drug offense has become final, 20 years' to life imprisonment.

5

*See* 21 U.S.C. § 841(b)(1)(A) (2010). These were the same statutory penalties defendant faced for Count One when he was re-sentenced in 2010.

### *Argument*

Defendant is ineligible for a sentence reduction under Section 404 of the First Step Act because the court's drug quantity findings supported the same statutory penalties before and after FSA was enacted. At the time defendant was re-sentenced in 2010, the sentencing court's drug quantity findings not only set the base offense level under the United States Sentencing Guidelines, but also set the statutory minimum penalties, as authorized by *Harris v. United States*, 536 U.S. 545 (2002). The decision in *Alleyne v. United States*, 570 U.S. 99 (2013) that set forth the requirement that statutory minimum penalties must be made by jury findings was not decided until nearly three years *after* the defendant was sentence in this case and does not apply retroactively to him. *See Crayton v. United States*, 799 F.3d 623, 624 (7th Cir 2015). Regardless of which judicial finding is considered - whether it was the court's finding during the original sentencing hearing in 2005 that the offense involved 1.5 kilograms or more of cocaine base (R.936); the court's finding during the re-sentencing hearing in 2010 that the offense involved 4.5 kilograms or more of cocaine base (R.1473); or this Court's denial of defendant's § 3582(c)(2) motion in 2013 because the offense involved 8.4 kilograms or more of cocaine base (R.1631) – the quantity of cocaine base involved in this offense was significantly more than 280 grams. Therefore, the statutory penalties both before and after the FSA remain the same, and the First Step Act offers defendant no basis for relief.

6

For these reasons, the government respectfully requests that the Court deny defendant's motion for a sentence reduction under Section 404 of the First Step Act.

                                Respectfully submitted,

                                JOHN R. LAUSCH, JR.
                                United States Attorney

By:    */s/ Ronald L. DeWald, Jr.*
         Ronald L. DeWald, Jr.
         Assistant U.S. Attorney
         219 S. Dearborn Street
         Chicago, IL 60604
         312/353-5300

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Crim. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCE REDUCTION MOTION UNDER SECTION 404 OF THE FIRST STEP ACT

was served pursuant to the district court's ECF system as to ECF filers, if any, on Friday, March 29, 2019.

*/s/ Ronald L. DeWald, Jr.*
Ronald L. DeWald, Jr.
Assistant U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604
312/353-5300